IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

TRAVIS ALLEN, *et al.*,

Plaintiffs,

v.

LAYNE MILLINGTON, *et al.*,

Defendants.

Civil Case No. 2:22-cv-00197-cr

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STAY RULE 30(b)(6) DEPOSITION**

Defendants have no justification to stay depositions. This case will proceed to discovery regardless of the decision on the pending motion to dismiss. Speculative second depositions do not inflict any prejudice. Meanwhile, Plaintiffs are currently suffering irreparable injury from Defendants' unconstitutional actions and have litigated this case expeditiously. Consistent with the Local Rules' provision for discovery during a pending motion to dismiss, this Court should deny Defendants' motion on an expedited basis. [1]

Because Defendants challenged only a subset of Plaintiffs' claims and only on procedural grounds and because they have conceded that they have no objection to joinder rather than dismissal, this case will proceed to discovery no matter the decision on the motion to dismiss. Defendants' assertion of prejudice from proceeding with depositions is both conclusory and illusory. Defendants offer no specific facts as to how hypothetical second depositions will cause prejudice. For good reason. A second deposition would require a court order and would allow for the court to impose relevant limitations on that deposition. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). And

---

[1] "It is clear . . . that it is not the filing of such a motion that stays the deposition, but rather a court order." *FAA v. Landry*, 705 F.2d 624, 634 (2d Cir. 1983). Nonetheless, to allow the Court time to rule on this motion to stay, Plaintiffs have agreed to re-issue a subpoena for the deposition for April 12, and Defendants have agreed to file an expedited reply (or waiver of reply) within five calendar days of this opposition. Plaintiffs respectfully request the Court rule on this motion on an expedited basis.

Defendants have affirmed that they intend to defend the merits of their policy, so their interests align with those of Vermont officials. Plaintiffs, however, have much to lose from delay. Defendants' policy remains in effect, causing irreparable injury to Plaintiffs' First Amendment rights. Plaintiffs have expeditiously litigated this case and desire the just, speedy, and inexpensive resolution of the case envisioned by both the Local Rules and Federal Rules.

<h4 align="center">FACTUAL BACKGROUND AND PROCEDURAL HISTORY</h4>

On October 27, 2022, Plaintiffs Travis and Blake Allen filed a four-count complaint against Defendants Orange Southwest School District (OSSD) Board, Superintendent Layne Millington, and Randolph Union High School co-principals Lisa Floyd and Caty Sutton. *See* Doc. 1. Travis brought claims for retaliation, content and viewpoint discrimination, and compelled speech because Defendants suspended him for commenting on a news story about a male student in the school's girls' locker room. *Id.* ¶¶ 120–46. Blake brought claims for retaliation, content and viewpoint discrimination, and compelled speech because Defendants issued a suspension to her for objecting to that male in the girls' locker room. *Id.* Blake also alleged facial and as-applied content and viewpoint discrimination, procedural due process, and overbreadth violations against Defendants' Harassment, Hazing, and Bullying (HHB) policy, under which Defendants investigated and sought to punish her. *Id.* ¶¶ 143, 147–68.

In response, Defendants filed a 12(b) motion to dismiss only Blake's facial claims against Defendants' HHB policy for nonjoinder. *See* Doc. 22; Doc. 23 at 3 & n.1. They did not move to dismiss any of Travis's claims or Blake's as-applied claims. In Defendants' estimation, a Vermont state official is a required party necessary for Blake's facial claims to proceed because Vermont law requires Defendants' adoption of their HHB policy. Doc. 22 at 3. Defendants' motion has no merit. Doc. 23 at 3. Plaintiffs seek to enjoin Defendants' policy, not the State's—so the Court can accord

complete relief among existing parties. Fed. R. Civ. P. 19(a)(1)(A). And Defendants have no risk of inconsistent obligations because an injunction here would still allow them to regulate unlawful harassment consistent with Vermont law. *See id.* 19(a)(1)(B); Doc. 23 at 13–15. What's more, joinder—not dismissal—is the proper remedy for the absence of a required party under Rule 19(a). *See* Fed. R. Civ. P. 19(a)(2). Defendants subsequently conceded that they have "no objection to Plaintiffs' suggestion that the court should order joinder of the State rather than dismissal." Doc. 24 at 8.

Under the Local Rules, discovery has proceeded while the motion to dismiss remains pending. *See* D. Vt. L.R. 26(a)(3) ("Discovery, including the obligation to file a Discovery Schedule, shall not be stayed during the pendency of a Fed. R. Civ. P. 12(b) or (c) motion."). The parties filed a discovery schedule proposing a nine-month discovery period, Doc. 25, which the clerk's office rejected for exceeding the Local Rules' default eight-month period. Doc. 26; D. Vt. L.R. 26(a)(1). The parties then submitted a revised discovery schedule with an eight-month discovery period, which the Court entered. Docs. 27, 28. In the interim, Plaintiffs served interrogatories and requests for production. Doc. 30-2 at 10.

On March 8, 2023, counsel for Plaintiffs served a Rule 45 subpoena setting a March 28 deposition of Orange Southwest School District under Federal Rule of Civil Procedure 30(b)(6). The next day counsel for Defendants referred to "questions about the subpoena" without identifying what those questions were. Doc. 30-2 at 2. Counsel for Plaintiffs had offered March 9 and 10 as dates to confer, but counsel for Defendants was unavailable until March 14. *Id.* at 2–3. At the March 14 meet-and-confer, counsel for Plaintiffs expressed concern about moving the deposition given the discovery schedule and need to proceed with the case. *See* Doc. 30-1 ¶ 7. On March 16, counsel confirmed that Plaintiffs would not agree to delay the 30(b)(6) deposition because it "is necessary as a 'roadmap' deposition informing the rest of discovery and

is particularly important for continued written discovery." Doc. 30-2 at 1. Counsel also relayed that the "absence of any Vermont official has no bearing on [the 30(b)(6) deposition]." *Id.* Defendants did not file their short motion to stay depositions until March 21—just 7 days before the deposition was to take place. *See* Doc. 30.

## LEGAL STANDARD

"A party seeking a protective order under Federal Rule of Civil Procedure 26(c) must demonstrate good cause." *Lithgow v. Edelman*, 247 F.R.D. 61, 62 (D. Conn. 2007). "The mere filing of a motion to dismiss does not constitute 'good cause' for the issuance of a stay." *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006). Rather, with a motion to dismiss pending, courts in the Second Circuit "consider" three factors "in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Id.* Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *see also* Doc. 30 at 3 (citing *Simpson*).

## ARGUMENT

Defendants cannot meet their burden to show good cause. First, Defendants did not move to dismiss *any* of Plaintiffs' claims on the merits and have since conceded that they have no objection to joinder instead of dismissal. Second, the only purported prejudice Defendants identify is conclusory speculation regarding a second deposition of the school district and other potential witnesses. But any prejudice is illusory because second depositions—were they even to happen—would require a court order, which would also allow for appropriate limitations on those depositions. What's more,

the interest Defendants have in upholding their policy align with those of any Vermont official. Third, Plaintiffs will suffer prejudice from delaying this deposition and all other depositions. Defendants' HHB policy remains in force and is inflicting ongoing irreparable injury. Plaintiffs need to advance this case expeditiously to enjoin that policy.

## I.  Defendants have provided no basis to dismiss Plaintiffs' complaint.

As Defendants' cited case recognizes in denying a stay, "[A] request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." *Simpson*, 121 F.R.D. at 263. That's because "even if the moving defendants' motions to dismiss are granted, this action will proceed and discovery will be conducted." *ADL, LLC v. Tirakian*, 2007 WL 1988751, *3 (E.D.N.Y. July 5, 2007); *see also Howard v. Galesi*, 107 F.R.D. 348, 351 (S.D.N.Y. 1985) (denying motion to stay discovery when "the pending motion to dismiss [was] not necessarily dispositive since it concerns the particularity of the pleadings, which may be amended.").

Defendants have moved to dismiss only Blake's facial claims; her as-applied and all of Travis's claims will proceed. Even as to Blake's facial claims, Defendants' motion lacks merit because no Vermont official is a required party in this challenge to Defendant district and school officials' policy. *See* Doc. 23. And Defendants have conceded that they have "no objection" to joinder of a Vermont official, Doc. 24 at 8, meaning that none of Plaintiffs' claims are subject to dismissal. *See Sprint Sols., Inc. v. Cell Xchange, Inc.*, 49 F. Supp. 3d 1074, 1078 (M.D. Fla. 2014) ("Although issues remain with respect to joinder of all Defendants, it is unclear whether the [moving] Defendants' motion to dismiss will be granted and all claims dismissed, as Plaintiffs appear to state at least some viable claims. As a result, discovery in this action should not be stayed."). To put the final nail in the dismissal coffin, by filing a 12(b) motion raising the joinder argument, Defendants have waived any further 12(b) motions.

Doc. 23 at 16–17. Any way Defendants try to slice it, Plaintiffs' claims will proceed. Depositions must proceed as well.

## II.   Defendants will not suffer any prejudice.

The only prejudice Defendants claim—that the school district will have to sit for another deposition "resulting in substantial undue cost and burden" if a Vermont official becomes a party—is both conclusory and illusory. Doc. 30 at 4. Defendants "offer[ ] no specifics as to why a second deposition would be 'overly burdensome'" despite that the "party opposing a discovery request cannot make conclusory allegations that a request is unduly burdensome[;] [i]nstead the party resisting discovery must show specifically how each discovery request is unduly burdensome." *Steinman v. Morton Int'l, Inc.*, 2015 WL 13830798, at *1 (W.D.N.Y. Dec. 30, 2015) (cleaned up). Defendants therefore have waived any claim to prejudice.

Any prejudice is also illusory. A party, like the Vermont official would be, has no right to take a deposition when "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Instead, the newly added party would have to obtain a court order for a second deposition of the school district or any other witness. Fed. R. Civ. P. 30(a)(2). Even were the Court to order a second deposition, it retains broad power to impose limitations on the deposition to protect the district. *See Steinman*, 2015 WL 13830798, at *2 (limiting the scope of second deposition testimony). Finally, "expend[ing] time and legal expenses in attending a second deposition" does not cause prejudice because "depositions are a regular and routine aspect of litigation." *Balk v. N.Y. Inst. of Tech.*, 2012 WL 5866233, at *3 (E.D.N.Y. Nov. 19, 2012); *see also Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 68 (D. Conn. 2010) ("[R]equiring a corporate defendant to make just one employee available for a deposition is not onerous." (cleaned up)); *Morales v. Next Stop 2006, Inc.*, 2022 WL 15523370, at *1 (S.D.N.Y. Oct. 27, 2022) ("In light of the fact that some discovery is inevitable, there is no prejudice to Defendants in proceeding with discovery." (cleaned up)).

Any prejudice is further illusory both because Defendants have argued a Vermont official is only a required party as to Blake's facial claims against their policy and because Defendants have declared their intent to defend the HHB policy on its merits. *See* Doc. 22 at 4. Defendants have not argued that a Vermont official is required for Travis and Blake's retaliation, content and viewpoint discrimination, and compelled speech claims. So a Vermont official is unlikely to have a stake in depositions of fact witnesses, the deadline for which is May 1. *See* Doc. 28 at 2. And the expert deposition deadlines of June 14 and July 28, *see id.*, give the Court sufficient time to rule on the motion to dismiss. Even so, Defendants "proudly uphold the OSSD HHB policy," Doc. 22 at 3, meaning that they will "champion [a Vermont official's] interest" in the HHB policy, including in any deposition, Doc. 23 at 18. Thus, joining a Vermont official likely would not require second depositions.

## III.  Plaintiffs will suffer undue prejudice from a delay.

Defendants' HHB policy remains in effect and is inflicting irreparable injury on Blake. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Plaintiffs therefore have a strong interest in expeditiously litigating this case—which they have by serving interrogatories, requests for production, and the subpoena at issue here. *See* Doc. 30-2 at 10. "The fact that plaintiff[s] [are] pursuing discovery expeditiously weighs against delaying discovery by granting a stay." *ADL*, 2007 WL 1988751, at *3. Moving this case forward furthers the purposes of both the Local Rules, which have a default provision providing for discovery even during the pendency of a motion to dismiss, and the Federal Rules. *See* D. Vt. L.R. 26(a)(3) (stay of discovery only appropriate if it would "help to secure the just, speedy, and inexpensive determination of the action" (citing Fed. R. Civ. P. 1)); *see also Metzner v. Quinnipiac Univ.*, 2020 WL 7232551, at *6 (D. Conn. Nov. 12, 2020) ("[A] stay of discovery is the exception and not the rule in this District."). Indeed, the clerk of this

Court already rejected the parties' discovery schedule as providing for too long a discovery period. *See* Doc. 26.

Plaintiffs specifically need the 30(b)(6) deposition because it provides a "roadmap" that will streamline the "rest of discovery." Doc. 30-2 at 1. It will elicit testimony on the policies at issue for both Travis and Blake, how the district enforces those policies, and the existence and location of relevant documents. *See Resolution Trust Corp. v. So. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) ("Rule 30(b)(6) streamlines the discovery process."). As one court has noted in denying a stay, "Plaintiff . . . presents several reasons why the deposition should go forward as scheduled, including, *inter alia*, its contentions that an order precluding the deposition from going forward would needlessly delay discovery and interfere with Plaintiff's effort to streamline discovery and conduct the deposition of a witness who is available and key to four pending actions in an efficient manner." *Vertrue Inc. v. Meshkin*, 2006 WL 8449056, at *2 (D. Conn. Feb. 23, 2006). That same logic applies in full force here.

## CONCLUSION

For the foregoing reasons, this Court should deny Defendants' motion on an expedited basis.

Dated: March 24, 2023

Respectfully submitted,

*/s/ Anthony R. Duprey*

Anthony R. Duprey
Duprey Law, PLLC
11 Main Street, Suite B110F
Vergennes, Vermont 05491
Telephone: (802) 870-6563
anthony@dupreylaw.com


*Counsel for Plaintiffs*

*\*admitted pro hac vice*

*/s/ Mathew W. Hoffmann*

Mathew Hoffmann*
DC Bar No. 1617417
Tyson C. Langhofer*
VA Bar No. 95204
Philip A. Sechler*
DC Bar No. 426358
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4656
mhoffmann@adflegal.org
tlanghofer@ADFlegal.org
psechler@ADFlegal.org

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, I electronically filed the foregoing using the CM/ECF system, which automatically sends an electronic notification with this filing to the following attorneys of record:

Pietro J. Lynn, Esq.
Sean M. Toohey, Esq.
Aliza A. Harrigan, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
76 St. Paul Street, Suite 400
Burlington, VT 05401
(802) 860-1500
plynn@lynnlawvt.com
stoohey@lynnlawvt.com
aharrigan@lynnlawvt.com

*Counsel for Defendants*

Dated: March 24, 2023

/s/ Mathew W. Hoffmann
*Counsel for Plaintiffs*