UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

TRAVIS ALLEN,

and

JESSICA ALLEN, as next friend and
mother of minor BLAKE ALLEN,

     *Plaintiffs,*

v.

                         Civil Action No. 2:22-cv-197

LAYNE MILLINGTON, in his official
and personal capacities as
Superintendent of Orange Southwest
School District,

LISA FLOYD, in her official and
personal capacities as Co-Principal of
Randolph Union High School,

CATY SUTTON, in her official and
personal capacities as Co-Principal of
Randolph Union High School, and

ORANGE SOUTHWEST SCHOOL
DISTRICT BOARD,

     *Defendants.*

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR PROTECTIVE ORDER
TO STAY RULE 30(b)(6) DEPOSITION**

NOW COME Defendants Orange Southwest School District Board and Layne Millington,

Lisa Floyd, and Caty Sutton, in their official and personal capacities, by and through their

attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., and reply to Plaintiffs' Opposition to their

1

Motion for Protective Order to Stay the Rule 30(b)(6) Deposition of Orange Southwest School District ("the District") as follows.

Plaintiffs' Opposition uses the word "illusory" no less than five times, but what is not illusory is the fact that Plaintiffs seek attorneys' fees pursuant to 42 U.S.C. § 1988. (Doc. 1 at 26). Thus, proceeding with depositions without the State as a necessary party inevitably results in additional exposure to their attorneys' fees claim, including the real risk of an increased award based on hours spent in duplicative depositions.

Defendants attempted to meet and confer and offered to extend any necessary deadlines, but Plaintiffs refused. Defendants were forced to file a motion, only to have Plaintiffs withdraw the original subpoena for March 28 and reissue the subpoena for April 12, 2023. (Doc. 31 at 1 n.1). If Plaintiffs had simply agreed to postpone the deposition as they did, the parties would not have required the Court's intervention. However, the current postponement does not fully address the issue. Defendants will be prejudiced if required to proceed with depositions before the issue of the State's involvement in the case is resolved.

Plaintiffs mischaracterize Defendants' motion to dismiss for failure to join the State. It does not simply concern their facial challenge claim; the entire Prevention of Harassment, Hazing & Bullying ("HHB") Policy is required by Vermont law and literally written by the Vermont Agency of Education ("AOE"). Even if the District changed the HHB Policy as requested by Plaintiffs, the District would be held to its standards. *See* 16 V.S.A. § 570(b) (if a Vermont school district fails to adopt a HHB policy, it "shall be presumed to have adopted the most current model policy or policies published by the Secretary."); 16 V.S.A. §§ 570a, 570f (HHB violations enforceable against districts under the Vermont Public Accommodations Act).

The District's actions in this case were directed by Vermont law and policy, as well as the AOE's *Continuing Best Practices for Schools Regarding Transgender and Gender Nonconforming Students*, attached the Complaint.  (Doc. 1-3).   Plaintiffs' First Amendment retaliation and viewpoint discrimination claims, as well as their due process claim, are fundamentally entwined with Plaintiffs' facial challenge to the Vermont statutory language, model policy, and guidance.  The State is central to the case.

Plaintiffs' suggestion that the State would not be given the opportunity to re-depose witnesses is without merit.  *See, e.g., Regis S. v. Eaton Oil Tools, Inc.*, No. 6:19-CV-00229, 2021 WL 1179910, at *2 (W.D. La. Mar. 26, 2021) ("Requiring a party to submit to another deposition is unreasonably cumulative and duplicative when the party seeking the additional deposition has already had an ample opportunity to obtain the information it seeks. In this case, however, neither Diverse nor Scottsdale has yet had an opportunity to depose the plaintiff. The plaintiff filed his amended complaint and raised new theories of liability against these two new defendants after he had already been deposed twice. In this situation, it would be fundamentally unfair to deny Diverse and Scottsdale an opportunity to question the plaintiff about those claims. Therefore, this is a situation in which another deposition should be permitted.") (footnote omitted).

Additionally, Plaintiffs claim "irreparable injury" based on alleged constitutional violations, but they did not move to enjoin enforcement of the State's HHB policy, as adopted by Defendants.  Nor do they point to any current allegations that their rights are actively being violated by the HHB policy or the District.

Finally, Defendants have provided Plaintiffs with over 5,000 pages of documents in their discovery responses.  The case is progressing.  It is unclear what Plaintiffs require in terms of a "roadmap."  There is no prejudice to Plaintiffs in postponing the depositions.

3

As stated in the Motion, Defendants understand that Plaintiffs will likely proceed with the case when the State is added.  Defendants do not object to Plaintiffs taking the depositions, they only request that the depositions be postponed until the main issue currently before the Court is resolved.  Defendants do not oppose any necessary extension of time to complete depositions. Defendants have good cause to make the reasonable request to preserve party and court time and resources, as well as their exposure on the attorneys' fees claim.

## Conclusion

Good cause exists for the court to issue a protective order because the joinder issue should be resolved prior to the taking of the 30(b)(6) deposition.  Defendants therefore request that the court GRANT a protective order staying the 30(b)(6) deposition, as well as any other deposition, until such time as the parties to the case have been determined.

Dated at Burlington, Vermont, this 29th day of March, 2023.

LAYNE MILLINGTON, LISA FLOYD, & CADY SUTTON, IN THEIR OFFICIAL & PERSONAL CAPACITIES & ORANGE SOUTHWEST SCHOOL DISTRICT BOARD

By:    */s/ Sean Toohey*_____
Pietro J. Lynn, Esq.
Sean M. Toohey, Esq.
Aliza A. Harrigan, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
*Attorneys for Defendants*
76 St. Paul Street, Suite 400
Burlington, VT 05401
(802) 860-1500
stoohey@lynnlawvt.com